**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**CASE NO:**

BENNY HUGGINS,

    Plaintiff,                                              **JURY TRIAL DEMANDED**

v.


KAREN D AUER REVOCABLE TRUST,

    Defendant.

_____/

## COMPLAINT

Plaintiff Benny Huggins ("Plaintiff") sues Karen D Auer Revocable Trust ("Defendant") for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendants for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act. As such, jurisdiction of this Court exists under 28 U.S.C §1331.

2. This Court has personal jurisdiction over Defendant and venue is proper in this District because the subject property is located in this District, Defendant transacts business in this District, and the complained conduct of Defendant occurred in this District.

## PARTIES

3. Plaintiff is a natural person and a citizen and resident of Florida.

4. Defendant is a revocable trust.

5.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

6.     Plaintiff suffers from Post Traumatic Stress Disorder ("PTSD") and Anxiety. Overall, Plaintiff has difficulties coping with stress and anxiety in his day-to-day life.

7.     On or about February 2024, Plaintiff leased and moved into 347 NE 1ST Street Williston Fl 32696 ("The Subject Property").

8.     Defendant is the owner of the Subject Property.

9.     On June 17, 2024, Plaintiff received a letter from his Licensed Psychotherapist ("the ESA Letter") explaining Plaintiff's diagnosis and Plaintiff's need for an Emotional Support Animal ("ESA"), based on Plaintiff's mental health.

10.     Attached as "Exhibit A" is a Copy of the ESA Letter.

11.     The ESA Letter was written by Monica Solorzano LMHC, LPC, who is a licensed mental health counselor pursuant to Chapter 491, *Florida Statutes*.

12.     The ESA Letter advised:

> To whom it may concern: I am a licensed Mental Health Counselor (LMHC) and have evaluated and assessed Benny Huggins and am familiar with his history of the functional limitations imposed by his medical/ psychological related condition. After careful review, I have determined that Benny qualifies for an Emotional Support Animal due to certain limitation related to anxiety and post-traumatic stress. Benny's condition has imposed limitations on his quality of life and daily functioning. Benny's disability substantially limits at least one major life activity. Benny's distress is imposing a negative influence over his lifestyle.

Due to his medical issue, Benny has certain limitations coping with what would otherwise be considered normal, with significant day-to-day situations. To help alleviate these challenges and to enhance his day to day functionality, I have instructed Benny to obtain an Emotional Support Animal. The presence of this animal necessary for the mental health stability of Benny because its presence will mitigate the symptoms he is currently experiencing in a way that significantlu improves his day-to-day life and helps levels by encouraging exercise and providing benny with structure which helps keeps his nervous system in a calm, regulated state. Based off his medical history, presentation, and self-report, Benny meets the definition of disability under the Americans with Disabilities Act, the Fair Housing Act, And the Rehabilitation Act of 1973.

The emotional distress that Benny experiences is such that I have recommended him an Emotional Support Animal, 1 dog named Addie Mae, a female German Shepherd to be allowed with him in his residence under the United States Fair Housing Amendments Act of 1988. It is also recommended his dog be allowed with him at work, in restaurants, stores, hotels, trains, buses, and ride share services in accordance with the Department of Transportation (14 CFR Part 382) and be allowed to accompany him in the cabin of the aircraft, in accordance with the Air Carrier Access Act (49 U.S.C. 41705 and 14 C.F.R 382). As such he has the right to be accompanied by his Emotional Support Animal During air travel outside a carrier.

I am licensed by the state of Texas to practice Mental Health Therapy. My License number is 88497(Issued 4/4/2022 and Expires 6/30/2024). I am also Licensed by the state of Florida to practice Mental Health Therapy. My License number is MH 17404 (Issued 10/15/2019 and Expires March 31, 2025).

Please feel free to contact me if you need any further information or if you have any questions. You can reach me via email at monica@sacredgroundpractice.com, or by mobile at (561) 267-2697.

Warm Regards, Monica Solorzano, LMHC, LPC.

13. Shortly after receiving the ESA letter Plaintiff bought a Female, German Shephard named Addie Mae. Addie Mae helps to alleviate Plaintiff's PTSD, Anxiety, and other symptoms that arise therefrom. Addie Mae is an ESA that has proven to provide comfort to Plaintiff and serve to address the needs caused by Plaintiff's disabilities.

14. Addie Mae does not require training to perform tasks for Plaintiff. Instead, it is the presence of Addie Mae which alleviates Plaintiff's PTSD and Anxiety and provides Plaintiff with necessary therapeutic emotional support.

15. On or about July 2024 Defendant, Karen Nunez, acting as an agent on behalf of Defendant, became aware of Plaintiffs ESA Addie Mae after painters were sent to the house.

16. On or about July 13 Karen Nunez asked Plaintiff if they have a dog. Plaintiff immediately and without delay provided the ESA Letter to Karen Nunez.

17. On or about July 17, 2024, Plaintiff received an email communication from Karen Nunez on behalf of Defendant ("the Denial Letter") denying Plaintiff's request for his ESA.

18. Attached as "Exhibit B" is a copy of the letter.

19. The Denial Letter advised:

Landis Allen and Benny Huggins 347 NE 1st Street Williston, FL
32696

Landis and Benny:

After much research and speaking with insurance companies your request for an emotional support animal or service dog is denied. Finding a carrier to accept a German Shepherd is not something that is achievable. I have also found that even if you had a separate policy, it would dismiss my liability.
You haven seven days to remove the dog or I will be forced to take legal action. Upon removal of the dog, please contact me so that I may do a walkthrough to check for damages.

Sincerely,
Karen Nunez.

20. In order to respond to the Denial Letter, Plaintiff sought legal counsel.

21. On August 7, 2024, an eviction notice was posted on the Subject Property.

22.     Plaintiff, left with very few options but to fight the eviction sold Plaintiff's truck to cover legal fees associated with the ongoing eviction.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 3604(f)(1)**
**(Against Defendant)**

23.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1-22 as if fully set forth herein.

24.     Section 3604(f)(1) of the Fair Housing Act makes it unlawful to discriminate in the rental of, or to otherwise make unavailable or deny, a dwelling because of a disability of the renter or a person associated with the renter.

25.     As set forth in more detail above, Plaintiff suffers from multiple mental impairments, which renders Plaintiff disabled for purposes of the FHA.

26.     At minimum, upon Plaintiff's providing of the ESA Letter, Defendant had notice of Plaintiff's disabilities and the ability to conduct a meaningful review.

27.     As a result of Plaintiff's disabilities, Plaintiff required the aid of his ESA, Addie Mae, to alleviate the challenges caused by his disabilities and to fully use and enjoy the benefits of the Property. It was not until Plaintiff revealed to Defendant that Plaintiff suffered from these disabilities and required an accommodation which necessitated Plaintiff's need for his ESA, Addie Mae, that Defendant threatened to evict Plaintiff from the Property.

28.     Defendant threatened to evict Plaintiff from the Property just four days after Plaintiff disclosed his need for  ESA, Addie Mae.

29.     A discriminatory purpose, and not any legitimate reason, was a motivating factor behind Defendant's evicting Plaintiff rental the Property.

30. As such, Defendants discriminated against Plaintiff by denying Plaintiff rental the Subject Property, of which Plaintiff was otherwise fully qualified for and had already scheduled a move in date for, because Plaintiff's disability necessitated a need for an ESA.

31. As a result of Defendant's unlawful denial of Plaintiff to rent the Subject Property, Plaintiff has suffered pain, emotional distress, embarrassment, and costs associated with seeking to resolve the matter.

32. **WHEREFORE**, Plaintiff, respectfully, requests that this Court:

    a. Declare the above-mentioned actions, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act;

    b. Award actual damages to Plaintiff against Defendant;

    c. Award Plaintiff costs and reasonable attorneys' fees; and

    d. Award any other relief that this Court deems appropriate and just under the circumstances.

**COUNT II**
**<u>VIOLATION OF 42 U.S.C. § 3604(f)(3)</u>**
**(Against Defendant)**

33. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1-22 as if fully set forth herein.

34. As stated above, Plaintiff suffers from mental impairments and is disabled within the meaning of the Fair Housing Act. Plaintiff requested a reasonable accommodation for her rental of the property, namely, the allowance of Plaintiff's ESA, Addie Mae, and provided Defendant with documentation from Plaintiff's therapist evidencing that the requested accommodation was necessary to afford Plaintiff an opportunity to use and enjoy the Property. Defendant, however, conducted no meaningful review of Plaintiff's request nor sought any additional information concerning Plaintiff's disabilities and ESA. Instead, Defendant refused the accommodation requested by Plaintiff, explicitly

threatening eviction of Plaintiff from the Property just four days after Plaintiff's reasonable request was made.

35. As a result of Defendant's unlawful failure-to-accommodate, Plaintiff has suffered pain, emotional distress, embarrassment, and costs associated with seeking to resolve the matter.

36. WHEREFORE, Plaintiff, respectfully, requests that this Court:

    a. Declare the above-mentioned actions, omissions, polices, and procedures, of Defendants to be in violation of the Fair Housing Act;

    b. Award actual damages to Plaintiff against Defendant;

    c. Award Plaintiff costs and reasonable attorneys' fees; and

    d. Award any other relief that this Court deems appropriate and just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: November 6, 2024

Respectfully Submitted,

/s/ Gerald D. Lane
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 754 444 7539

*COUNSEL FOR PLAINTIFF*